# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1465V
### Filed: February 27, 2019
UNPUBLISHED

---

BANGONE THIRAKUL,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

---

Special Processing Unit (SPU);
Attorneys' Fees and Costs

*Steven I. Kastner, San Diego, CA, for petitioner.*
*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 6, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered injuries, including a Shoulder Injury Related to Vaccine Administration resulting from an influenza vaccination received on October 13, 2014. Petition at 1. On October 9, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 43.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 7, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 50.   Petitioner requests attorneys' fees in the amount of $17,292.00 and attorneys' costs in the amount of $476.30.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 49.  Thus, the total amount requested is $17,768.30.

On February 8, 2019, respondent filed a response to petitioner's motion.  ECF No. 51.   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## I.      Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.   Attorney Fees

### A.   Hourly Rates

Petitioner is requesting an hourly rate of $440 for attorney Steven I. Kastner. ECF No. 50-1 at 8.  The undersigned shall reduce Mr. Kastner's hourly rate to the previously awarded rates of $400 for work performed in 2017 and $415 for work performed in 2018.  *See Peterson v. Sec'y of Health & Human Servs.*, No. 17-0893V, 2018 WL 4390072 (Fed. Cl. Sp. Mstr. May 30, 2018) (setting rates for Mr. Kastner). This results in a reduction of fees in the amount of **$1,300.50**[3].

## III.   Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $476.30 which consists of the Court's filing fee and a charge for postage.[4] The undersigned finds the overall amount of costs reasonable and awards the amount requested in full.

## IV.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $<u>16,467.80</u>[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Steven I. Kastner.**

The clerk of the court shall enter judgment in accordance herewith.[6]

---

[3] This amount consists of ($440 - $400 = $40 x 21.2 hrs in 2017 = $848) + ($440 - $415 = $25 x 18.1 hrs in 2018 = $452.50) = $1,300.50.

[4] Petitioner's counsel did not submit supporting documentation for these costs, however attested to the amount in his affidavit submitted.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
